FILED

2018 Nov-08  AM 10:27
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

The Estate of ESSIE McELRATH, by    *
and through his Personal Representative,    *
ERSKINE McELRATH,    *
   *
    Plaintiff,    *
   *
v.    *     CIVIL ACTION NO.:
   *     _____
BIRMINGHAM NURSING AND    *
REHABILITATION CENTER, LLC,    *
et al.    *
   *
    Defendants.    *

## NOTICE OF REMOVAL

COMES NOW the Defendant, BIRMINGHAM NURSING AND REHABILITATION CENTER, LLC ("BNRC"), and files this Notice of Removal of this action from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division. As grounds hereto, BNRC shows unto the Court as follows:

## BACKGROUND OF THIS ACTION

1.    The above-entitled cause has been brought in the Circuit Court for Jefferson County, Alabama by service of the Summons and Complaint via certified mail on or about October 9, 2018, and is now pending therein. A complete copy of the lawsuit along with all State Court pleadings is attached hereto as Exhibit "A"

and is incorporated herein by reference.  This case is being removed within thirty (30) days of service and well within one (1) year of the commencement of this action.

2.      Said action is of a civil nature at law whereby the Plaintiff seeks to recover damages in excess of $75,000.00 from the Defendant, exclusive of interest and costs.

3.      As described in detail below, there is complete diversity between Plaintiff and the Defendant.

## THE PLAINTIFF

4.      Erskine McElrath, as Personal Representative of the Estate of Essie McElrath, is the only named Plaintiff.  Upon information and belief, and as pled in the Plaintiff's Complaint, Essie McElrath was a resident of Jefferson County, Alabama at all times relevant to the Complaint.  Therefore, the Plaintiff is a citizen of the State of Alabama.  28 U.S.C. §1332(c)(2).

## THE REMOVING DEFENDANT

5.      The sole Defendant, BNRC, is and, at the time of the commencement of this action, was a limited liability company organized and existing under the laws of the State of Alabama.  However, BNRC's only members are D&N, LLC and DTD HC, LLC.  D&N, LLC and DTD HC, LLC are New York limited liability companies. D&N, LLC's members are Norbert A. Bennett, the Norbert A. Bennett Children's Trust, and the Norbert A. Bennett Grand-Children's Trust.  Mr. Bennett is a resident

and citizen of the State of New York.  The trustee of the Norbert A. Bennett Children's Trust and the Norbert A. Bennett Grand-Children's Trust is Ronald Bennett, a resident and citizen of New York.  (*See* Affidavit of Norbert A. Bennett, attached hereto as Exhibit "B").  DTD HC, LLC's members are Donald T. Denz and the Donald T. Denz Irrevocable Trust.  Mr. Denz is a resident and citizen of the State of New York.  The trustee of the Donald T. Denz Irrevocable Trust is Martin J. Clifford, a resident and citizen of New York.  (*See* Affidavit of Donald T. Denz, attached hereto as Exhibit "C").

6.     BNRC is not a citizen of the State of Alabama.  BNRC is a citizen of the State of New York, since its members are all citizens of the State of New York. *Rolling Green MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

## GROUNDS FOR REMOVAL

7.     This case is being removed pursuant to 28 U.S.C. §1441 *et seq.*, inasmuch as this action could have originally been brought in this Court pursuant to 28 U.S.C. §1332.

8.     This Notice of Removal is timely filed because it is being submitted within one (1) year from the October 4, 2018, date of commencement of the action and within thirty (30) days of service of the Complaint on the first-served Defendant, which was October 9, 2018.

9.     A true and correct copy of this Notice of Removal is being served on counsel for Plaintiff on this date.

10.     A true and correct copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Jefferson County, Alabama.

11.     No special bail was or is required in this action.

### JURISDICTION UNDER 28 U.S.C. §1332

12.     This action could have originally been brought in this Court pursuant to 28 U.S.C. §1332 in that it is a civil action wherein the matter in controversy exceeds $75,000.00 exclusive of interest and costs and there is diversity of citizenship among the Plaintiff and Defendant.

13.     Plaintiff's suit arises from Mr. McElrath's residency at Birmingham Nursing and Rehabilitation Center, LLC.  This wrongful death action is brought on behalf of Mr. McElrath, who died on November 16, 2017. At the time of Mr. McElrath's death, he had been discharged from BNRC. The Complaint alleges BNRC "failed take steps necessary to eliminate the risk of Mr. McElrath developing decubiti ulcers," and that his death on November 17, 2017 was a result of "life threatening complications of his infected decubiti ulcers." (Complaint, p. 4-5).

14.     Specifically, Plaintiff alleges BNRC "failed to provide Mr. McElrath with adequate care and/or medical equipment, failed to relieve pressure on vulnerable areas of Mr. McElrath's body with medical care and/or proper medical

4

equipment, failed to reduce shear and friction on Mr. McElrath's body during care, failed to inspect Mr. McElrath on a regular basis so as to detect and treat decubiti ulcers, and failed to provide Plaintiff proper skin hygiene, or otherwise failed to properly inspect, assess, diagnose, and treat decubiti ulcers located on Mr. McElrath's lower extremities, lower back, and buttocks." (Complaint, p. 4).

15.     Plaintiff claims BNRC's negligent and/or wanton conduct caused Mr. McElrath's death. (Complaint, p. 6). Plaintiff seeks compensatory and punitive damages, plus costs, from BNRC. *Id*. at 15.

16.     With regard to the amount in controversy, Plaintiff's Complaint does not seek a specific monetary amount. The alleged conduct described above from Plaintiff's Complaint asserts a wrongful death claim against BNRC and fictitious parties.[1] Such claims for alleged serious injuries and/or death support a finding that the amount in controversy exceeds $75,000.00.   Specifically, Alabama courts have routinely affirmed punitive damage verdicts in excess of $75,000.00 based on allegations of "medical malpractice" and "wrongful death". *See, Montgomery Health Care Facility, Inc. v. Ballard*, 565 So.2d 221 (Ala. 1990) (affirming $2,000,000 wrongful death award against nursing home); *SSC Birmingham Operating Company, LLC d/b/a Fairview Health and Rehabilitation Center v.*

---

[1] For removal purposes, the citizenship of a defendant sued under a fictitious name is not considered.  28 U.S.C. §1441(2).

*Shirley Henderson, as personal representative of the Estate of Elvia Henderson*, AL Sup. Ct. 1111508 (Ala. 2013) (affirming $1,250,000 wrongful death award against nursing home) (verdict form and Alabama Supreme Court's affirmance, attached hereto as Exhibit "D"); *Moundville Health and Rehabilitation v. Estate of Smithson*, AL Sup. Ct. 1120708 (Ala. 2014) (affirming $1,200,000 wrongful death award against nursing home) (verdict form and Alabama Supreme Court's affirmance, attached hereto as Exhibit "E"); *Crown Investments, Inc. v. Reid*, 740 So. 2d 400 (Ala. 1999) (affirming $750,000 wrongful death award against the owner/operator of a skilled nursing facility).

17. "When the Complaint does not claim a specific amount of damages, removal from state court is (jurisdictionally) proper if it is facially apparent from the Complaint that the amount in controversy exceeds a jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). "[I]f the jurisdictional amount is not facially apparent from the Complaint, the Court should look to the Notice of Removal and may require evidence relevant to the amount in controversy at the time the case was removed."  *Id.; see also, e.g.*, 16 *James Wm. Moore, et al., Moore's Federal Practice*, § 107.14(2)(g), at 107-86.4 to 107.86.5 (3rd Ed. 2010) ("when determining if the defendant has satisfied this burden [to establish jurisdiction by a preponderance of the evidence], the Court will consider first

whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy.  If it is not, the Court may consider facts alleged in the Notice of Removal, judicial omissions made by the plaintiffs, non-sworn letters submitted to the Court, or other summary judgment type evidence that may reveal that the amount in controversy requirement has been satisfied.").  Additionally, "[t]o assert the amount in controversy adequately in the removal notice" the Defendants' Notice of Removal need only contain "a statement 'short and plain'" and the Notice of Removal "need not contain evidentiary submissions".  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 Sup.Ct. 547, 551 (2014).  Additionally, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

18.    In addition to meeting the requirement that the amount in controversy exceeds $75,000.00, there is complete diversity of citizenship between the Plaintiff and Defendant.

19.    This suit is removed to this Court, under and by virtue of the Acts of The Congress of the United States, and the Defendant is desirous of removing said cause to this Court.

WHEREFORE, PREMISES CONSIDERED, Birmingham Nursing and Rehabilitation Center, LLC prays that the above-entitled cause be removed to the

United States District Court for the Northern District of Alabama, Southern

Division, according to the statutes in such case made and provided.

DONE this the 8th day of November, 2018.

*/s/ R. Gordon Sproule, Jr.*
R. Gordon Sproule, Jr.
Jennifer H. R. Egbe
Attorneys for Defendant,
Birmingham Nursing and Rehabilitation
Center, LLC

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone:  (205) 251-1193
Facsimile: (205) 251-1256
gsproule@huielaw.com
jegbe@huielaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have electronically filed the foregoing with the AlaFile which will send notification of such filing to those attorneys registered, and I have placed a copy of the foregoing to the attorneys not set up for email notification in the United States Mail, postage prepaid and properly addressed, on this the 8th day of November, 2018:

Charles Clyde Tatum, Jr.
Seth L. Diamond
CHARLES C. TATUM, JR. P.C.
P.O. Box 349
Jasper, AL  35502
ctatum7@aol.com
sethdiamond@sethdiamondlaw.com



                                                        /s/ R. Gordon Sproule, Jr.
                                                        Of Counsel