# IN THE UNITED STATES DISTRICT COURT
# OF THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| The Estate of Essie McElrath, by and through his personal representative Erskine McElrath, ] ] ] | |
| Plaintiff, } | |
| v. ] ] | CASE NUMBER: 2:18-cv-01849-RDP |
| Birmingham Nursing Rehabilitation Center, LLC. Et. Al. ] ] | |
| Defendants, ] | |

STATE OF ALABAMA )
                 )
COUNTY OF WALKER )

## AFFIDAVIT OF TOYA SPENCER

Before me the undersigned authority, a Notary Public in and for said State and County, personally appeared Toya Spencer, who after being first duly sworn, deposes and states as follows:

1. My name is Toya Spencer and I am over the age of nineteen (19) years. I have personal knowledge of the facts set forth in this affidavit and understand that this affidavit will be used to oppose a motion to compel in the above stated matter. I am competent to testify in this matter, and the facts contained in this affidavit are true and correct.

2. I am long-time friend of the McElrath family and had known Essie McElrath for years including leading to his injury and untimely death at the Birmingham Nursing and Rehabilitation Center, LLC.

3. After Essie's wife Jenetta McElrath died in December of 2016, he needed help with managing his financial affairs and keeping up with his monthly bills and expenses.

4. At that time, Essie was elderly and frail. He had multiple medical needs from being diabetic and bedridden due to a compressed nerve in his back that made him essentially paralyzed from the waist down.

5. Essie and his adult son Erskine, who lived with him and helped provide for his daily care, asked for my help.

6. On February 27, 2017, Essie gave me power of attorney over his financial affairs only, so I could make sure his bills were paid. In no way did the power of attorney grant me the authority to make medical or health care decisions for Essie. A copy of the power attorney is attached to this affidavit as Exhibit 1.

7. Essie's health progressively worsened; he required more frequent hospitalizations and more nursing care when he was at home.

8. Before Essie was admitted to BNRC his mental status had declined. He slept more often and for longer periods of time. When he was awake, he was often confused about where he was, or the time of day, or year. He had difficulty speaking

and expressing his thoughts. He had trouble communicating his basic wants or needs, such as whether he was uncomfortable, hungry, or wanted to watch TV. He was forgetful and had difficulty remembering short conversations and would often repeat himself. He had difficulty watching TV and would forget the what he had seen and become frustrated because was unable follow the show. He also had difficulty recognizing friends and relatives whom he had known for years and would have to be reminded frequently about who people were that came to visit and their relationship to him.

9. When Essie was admitted to BNRC, he was mentally confused and physically incapacitated. The power of attorney he had given me did not give me any authority to sign his name to the admission forms or to enter into any contracts on his behalf. At no point in time did I tell anyone at BNRC that I had power of attorney to make medical or health care decisions on behalf of Essie or that he had given me the authority to sign those forms on his behalf.

10. Essie did not have the mental capacity to read or understand the admission forms much less an arbitration agreement and those forms never presented to him.

11. Essie never gave me permission to admit him into BNRC. He did not give me permission to sign the admission forms or an arbitration agreement. He also did not have the mental capacity to consent to the arbitration agreement.

12.  When I signed the arbitration agreement and admission forms, Essie was not present. I signed the forms in my own personal capacity and was only agreeing to pay the bills on behalf of Essie.

13.  At no point did I ever tell Essie or make him aware that I signed his admission paperwork or an arbitration agreement for him to be admitted into BNRC because I knew it just would have confused him even more.

FURTHER AFFFIANT SAITH NOT.

_____
Toya Spencer

Subscribed and Sworn before me this
the 20 of December, 2018.

_____
Notary Public
My Commission Expires: 10/08/19

Exhibit 1

Recording Fee        14.00
TOTAL                14.00

# GENERAL POWER OF ATTORNEY

NOTICE: THIS IS AN IMPORTANT DOCUMENT. BEFORE SIGNING THIS DOCUMENT, YOU SHOULD KNOW THESE IMPORTANT FACTS. THE PURPOSE OF THIS POWER OF ATTORNEY IS TO GIVE THE PERSON WHOM YOU DESIGNATE (YOUR "AGENT") BROAD POWERS TO HANDLE YOUR PROPERTY, WHICH MAY INCLUDE POWERS TO PLEDGE, SELL OR OTHERWISE DISPOSE OF ANY REAL OR PERSONAL PROPERTY WITHOUT ADVANCE NOTICE TO YOU OR APPROVAL BY YOU. THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL OR OTHER HEALTH CARE DECISIONS FOR YOU. IF THERE IS ANYTHING ABOUT THIS FORM THAT YOU DO NOT UNDERSTAND, YOU SHOULD ASK A LAWYER TO EXPLAIN IT TO YOU. YOU MAY REVOKE THIS POWER OF ATTORNEY IF YOU LATER WISH TO DO SO.

TO ALL PERSONS, be it known that I, Essie McElrath of Cordova, AL, the undersigned Grantor, do hereby make and grant a general power of attorney to Toya Spenaer of Leeds, AL, and do thereupon constitute and appoint said individual as my attorney-in-fact/agent.

My attorney-in-fact/agent shall act in my name, place and stead in any way which I myself could do, if I were personally present, with respect to the following matters, to the extent that I am permitted by law to act through an agent:

(NOTICE: The grantor must write his or her initials in the corresponding blank space of a box below with respect to each of the subdivisions (A) through (O) below for which the Grantor wants to give the agent authority. If the blank space within a box for any particular subdivision is NOT initialed, NO AUTHORITY WILL BE GRANTED for matters that are included in that subdivision. Cross out each power withheld.)

[    ]        (A)  Real estate transactions
[    ]        (B)  Tangible personal property transactions
[    ]        (C)  Bond, share and commodity transactions
[✗] E M       (D)  Banking transactions
[✗] E M       (E)  Business operating transactions
[✗] E M       (F)  Insurance transactions
[    ]        (G)  Gifts to charities and individuals other than Attorney-in-Fact/Agent
                   (If trust distributions are involved or tax consequences are anticipated, consult an attorney.)
[✗] E M       (H)  Claims and litigation
[✗] E M       (I)  Personal relationships and affairs

Recorded in DHL BK 2495 PG 589; 02/27/2017 12:11:15 PM
Rick Allison, Judge of Probate; Walker County, Alabama

-155-

[ ]        (J)  Benefits from military service
[X] *EM*   (K)  Records, reports and statements
[X] *EM*   (L)  Full and unqualified authority to my attorney-in-fact/agent to delegate any or all of the foregoing powers to any person or persons whom my attorney-in-fact/agent shall select
[ ]        (M)  Access to safe deposit box(es)
[ ]        (N)  To authorize medical and surgical procedures (Pennsylvania only)
[X] *EM*   (O)  All other matters
           Other Terms:

My attorney-in-fact/agent hereby accepts this appointment subject to its terms and agrees to act and perform in said fiduciary capacity consistent with my best interests as he/she in his/her best discretion deems advisable, and I affirm and ratify all acts so undertaken.

TO INDUCE ANY THIRD PARTY TO ACT HEREUNDER, I HEREBY AGREE THAT ANY THIRD PARTY RECEIVING A DULY EXECUTED COPY OR FACSIMILE OF THIS INSTRUMENT MAY ACT HEREUNDER, AND THAT REVOCATION OR TERMINATION HEREOF SHALL BE INEFFECTIVE AS TO SUCH THIRD PARTY UNLESS AND UNTIL ACTUAL NOTICE OR KNOWLEDGE OF SUCH REVOCATION OR TERMINATION SHALL HAVE BEEN RECEIVED BY SUCH THIRD PARTY, AND I FOR MYSELF AND FOR MY HEIRS, EXECUTORS, LEGAL REPRESENTATIVES AND ASSIGNS, HEREBY AGREE TO INDEMNIFY AND HOLD HARMLESS ANY SUCH THIRD PARTY FROM AND AGAINST ANY AND ALL CLAIMS THAT MAY ARISE AGAINST SUCH THIRD PARTY BY REASON OF SUCH THIRD PARTY HAVING RELIED ON THE PROVISIONS OF THIS INSTRUMENT.

Signed under seal this 27th day of February, 2017 (year).

Signed in the presence of:

_____          _____
Witness                                   Grantor

_____          _____
Witness                                   Attorney-in-Fact

State of Alabama
County of Walker

On February 27, 2017 before me, Buckie Mize _____, appeared Essie McElrath, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _Buckie Mize_

```
BUCKIE MIZE
Notary Public, State of Alabama
Alabama State At Large
My Commission Expires
April 08, 2018
```

Affiant  X  Known _____ Produced ID
Type of ID _____
(Seal)

-155-